IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH A. ROMERO,

    Petitioner,

vs.                                                 Civ. No. 97-137 MV/LCS

TIM LeMASTER, Warden,

    Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on Petitioner Joseph Romero's Petition for a writ of *habeas corpus*, filed on February 3, 1997. The Court, having conducted an evidentiary hearing and having considered the briefs submitted by the parties and the applicable law, proposes finding that Petitioner's *ex-post facto* claim is not well-taken and recommends that it be denied.

Petitioner was convicted of trafficking in Heroin in 1976 and received a 10 to 50 year sentence. At the time of his conviction, N.M. Stat. Ann Sec. 42-1-55 (1953) was in effect. This statute provided:

> Any convict confined in the penitentiary of New Mexico or other institution designated by the corrections commission for the confinement of adult prisoners may be awarded an additional deduction of 12 days' meritorious good time per month based on exemplary conduct, outstanding work, and continuing effort toward self-improvement and rehabilitation, upon recommendation of the classification committee and approval of the warden.

In March of 1983, Romero was paroled. In October of 1983, the New Mexico Department of Corrections issued regulations which put additional restrictions on the availability of good time, requiring that prisoners could not begin to accrue good time until 90 days of clear conduct after

any major level misconduct report, and not until they had spent 30 days in any work assignment.

Petitioner violated his parole and was returned to prison in 1989. He claims that the application of the 1983 regulation in figuring his post 1989 good time violates Art.1, Sec. 10, cl.1 of the United States Constitution. That clause provides that "No State shall... pass any... ex post facto law." A statute which is retrospective and disadvantages the offender affected by it violates the *ex post facto* clause. *Weaver v. Graham*, 450 U.S. 24, 29 (1981). In Weaver, the Court held that statutory amendments which reduce the amount of mandatory good time a prisoner can earn clearly violate this clause, even if enacted in a scheme which allows new opportunities for earning discretionary good time, so that a prisoner is actually eligible for more total good time than he was under the prior statute. *Id.*

However, where the statute only provides for discretionary awarding of a benefit, a later regulation may condition or guide the exercise of that discretion, without violating the *ex post facto* clause. *Smith v. United States Parole Commission*, 875 F.2d 1361, 1368 (9th Cir. 1988).[1]

In the present case, the statute in effect at the time of Petitioner's conviction provided that he *may* be awarded 12 days per month good time. Accordingly, the awarding of good time under the statute is discretionary. The 1983 regulation required that the prisoner have a clean record for ninety days and be working for 30 days. These requirements seem to be concrete rules which clarify the abstract statutory terms of "exemplary conduct" and "outstanding work". Accordingly, they guide the exercise of discretion in awarding good time credits. The Court therefore proposes

---

[1] In *Smith,* the 9th circuit actually held that a regulation's retrospective elimination of the opportunity to serve state and federal sentences concurrently did not violate the *ex post facto* clause because the original opportunity was discretionary. Because of the breadth of this rule, *Smith* has since been limited to cases with identical facts. *See Flemming v. Oregon Bd. of Parole*, 998 F.2d 721, 724 (9th Cir. 1993).

2

finding that the application of the 1983 regulation to a prisoner convicted in 1976 does not violate the *ex post facto* clause and recommends that this claim of Romero's Petition be denied.[2]

Within ten days after a party receives a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. Sec. 636 (b), filke written objections to them. A party must file its objections with the Clerk of the District Court within 10 days if it desires appellate review; in the absence of properly and timely filed objections, neither the District Court nor the Court of Appeals will review the Magistrate Judge's Proposed Findings and Recommended Disposition.

_____
Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court has already entered Proposed Findings and a Recommended Disposition as to Petitioner's other claims. An issue as to whether additional claims may be pursued is pending before the District Court.