IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH A. ROMERO,

    Petitioner,

vs.                                          Civ. No. 97-137 MV/LCS

TIM LeMASTER, Warden,

    Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on Petitioner's Motion for an Order Requiring Immediate Restoration of Petitioner's Forfeited Good-Time Credits, filed on September 8, 1999. The Court, having considered the pleadings, the memoranda submitted by the parties and the applicable law, proposes finding that the motion is well-taken and recommends that it be granted.

**Proposed Findings**

On May 20, 1999 this Court entered an order requiring Respondent to either conduct a hearing on Petitioner's alleged misconduct of April 17, 1981, and to submit the Disciplinary Committee's findings regarding Petitioner's alleged misconduct of January 6, 1981 and April 19, 1981 to review by the appropriate bodies, or to restore the seven years, three months and twenty-nine days of good-time credits forfeited as a result of those three incidents. Petitioner contends that Respondent has not performed either of the alternatives it was directed to by the Court.

Respondent admits that on June 15, 1999, he decided to not conduct a hearing on the April 17, 1981 incident. Accordingly, he concedes that the six months and twelve days good-time credits forfeited as a result of that incident should be restored. However, because that time period was to run concurrently with the five years, nine months and twenty-seven days good-time credits forfeited as a result of the April 19, 1981 incident, and because Petitioner gives two reasons why this larger forfeiture should not be restored, he argues that the restoration of the smaller forfeiture would have no practical effect. The Court agrees with the logic of Respondent's argument, but reaches a different conclusion about whether the larger forfeiture should be restored.

Respondent first contends that he need not obtain the recommendations of the Classifications committee and the Penitentiary Board regarding the incidents because *Sandin v. Conner,* 515 U.S. 472 (1995) impliedly overrules *Brooks v. Shanks*, 885 P.2d 637 (N.M. 1994), upon which this Court relied, and which requires that such recommendations be obtained. He also contends that Petitioner did not exhaust internal appeals procedures. Respondent did not raise either of these argument in his April 14, 1999 Objections to the March 30, 1999 Magistrate Judge's proposed findings and recommended disposition, so the Court recommends that they not be considered now. *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996).

Respondent finally contends that he cannot comply with the Court's May 20, 1999 order to submit the Disciplinary Committee's recommendations on the January 6, 1981 and the April 19, 1981 incidents to the Classifications Committee because at the time of the Court's Order, there was no Classifications Committee in existence. Respondent does not contend that he could not have reestablished the Classifications Committee; accordingly, the Court proposes finding

that, while impossibility is a defense to its non-compliance with the Court's Order, Respondent has failed to establish a factual predicate for the defense. *Cf. Reliance Insurance Co. v. Mast Construction Co.*, 159 F.3d 1311, 1317 (10th Cir. 1998) (Defendant in a civil contempt proceeding must show by clear and convincing evidence present inability to comply with temporary restraining order.) The Court therefore recommends that the remainder of Petitioner's seven years, three months and twenty-nine days of good-time credits be restored as well.

### Recommended Disposition

I recommend that Petitioner's Motion for an Order Requiring Immediate Restoration of Petitioner's Forfeited Good-Time Credits (docket entry #70) be granted. Within ten days after being served with a copy of the Magistrate Judge's Proposed Findings and Recommended Disposition a party may, pursuant to 28 U.S.C. Section 636(b)(1), file written objections. The party must file any objections with the clerk of the United States District Court for the District of New Mexico, within the ten day period, if that party desires further review; in the absence of timely filed objections neither the District Court nor the Court of Appeals will review the Magistrate Judge's Proposed Findings and Recommended Disposition.

_____
Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE