IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH A. ROMERO,

    Petitioner,

vs.                                                           No. CIV 97-0137 MV/LCS

TIM LEMASTER,

    Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** came before the Court on Respondent's Motion to Amend Order, filed March 10, 2000, (Doc. 79). Petitioner has failed to respond to this Motion. The United States Magistrate Judge, having considered the Motion, record, and the relevant authorities, finds that Respondent's motion is well-taken and recommends that it be granted.

### PROPOSED FINDINGS

1.     Petitioner brought this action pursuant to 28 U.S.C. § 2254. On November 1, 1999, I issued Proposed Findings and Recommended Disposition that Petitioner's Motion for an Order Requiring Immediate Restoration of Petitioner's Forfeited Good-Time Credits be granted. On November 19, 2000, Respondent filed Objections to the Proposed Findings and Recommended Disposition. On February 22, 2000, the Proposed Findings and Recommended Disposition were adopted by the District Judge. The Order adopting the Proposed Findings and Recommended Disposition stated that "Respondent's objections were not timely filed."

Respondent moves the amend this Order provide that his Objections were timely filed. Petitioner failed to respond to the Motion.

2. Respondent brings his Motion pursuant to Federal Rule Civil Procedure 59. A motions pursuant to Rule 59 must be filed within ten days of the date of entry of judgment. Fed. R. Civ. P 59 (e). Federal Rule of Civil Procedure 6 (a) provides that when a time period is less than eleven days, intervening week-ends and legal holidays are excluded. The Order at issue was entered on February 22, 2000. Respondent filed his Motion to Amend Order on March 10, 2000. If three days were added pursuant to Federal Rule of Civil Procedure 6 (e), the Motion would be timely under Rule 59(e). As Petitioner has failed to respond to the Motion to Amend Order, it is deemed timely.

3. Reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly. *See* 11 Wright, Miller & Kane Civil 2d § 2810.1, 124 (1999). A Rule 59 motion may be granted only to correct manifest errors of law or fact upon which the judgment is based, to present newly discovered or previously unavailable evidence, to prevent manifest injustice, or to reflect an intervening change in controlling law. *Id.* Rule 59 may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to judgment. *See Steele v. Young*, 11 F. 3d 1518, 1520 n. 1 (10th Cir. 1993). In light of their narrow purpose, Rule 59 motions are seldom granted. *See* 11 Wright, Miller & Kane Civil 2d § 2810.1 at 128. The decision of whether to grant or deny a Rule 59 motion is committed to the sound discretion of the trial court. *See Phelps v. Hamilton*, 122 F. 3d 1309, 1324 (10th Cir. 1997).

4. Respondent argues that the Order should be amended because his Objections were clearly timely. Objections to a Proposed Findings and Recommended Disposition are due within ten days after service. 28 U.S.C. § 636 (b)(1). As the time period in question was less than eleven days, intervening week-ends and legal holidays were excluded under Rule 6(a), and three days were added for mailing pursuant to Rule 6 (e). The Proposed Findings and Recommended Disposition was filed on November 1, 1999. Excluding intervening week-ends and Veterans' Day, a legal holiday, objections were timely if they were filed on or before November 19, 1999. Respondent filed his Objections on November 19, 1999. Thus, they were timely. As Respondent's Objections were timely, his Motion to Amend Order should be granted.

5. In the alternative, Petitioner has failed to respond to Respondent's Motion to Amend Order. The Local Rules of this Court provide that failure to serve or file a response in opposition to any motion constitutes consent to grant the motion. D.N.M.LR-Civ. 7.5(b). Petitioner consented to the Motion by failing to file a response. Accordingly, Respondent's Motion to Amend Order should be granted pursuant to Local Rule 7.5(b).

## RECOMMENDED DISPOSITION

I recommend that Respondent's Motion to Amend Order, filed March 10, 2000, be granted.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. §636(b)(1)(C), file written objections to such proposed findings and recommended disposition with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within

the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**